Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-1347-17-I

| | | |
|---|---|---|
| VICTOR ZAVALA POSADA | § § § § | IN THE DISTRICT COURT |
| V. | § § § | _____ JUDICIAL DISTRICT |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND AIDA TRAINER-LANCE | § § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff VICTOR ZAVALA POSADA, files this Original Petition against UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UNITED PROPERTY" or the "INSURANCE DEFENDANT"), and AIDA TRAINER-LANCE ("TRAINER-LANCE" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Hidalgo County, Texas.

EXHIBIT D

1

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

Defendant UNITED PROPERTY is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201, or wherever else it may be found.

Defendant, AIDA TRAINER-LANCE, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 2001 Holly Pkwy Apt 1323, Roanoke, TX 76262, or wherever else she may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 6702 Verano St, Pharr, Texas 78577 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or about March 9, 2016 under Policy No. UTH009986001 and Claim No. 2016TX020858, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. However, DEFENDANTS failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages, which is evidenced by the estimate completed by Aida Trainer-Lance and fully adopted by Universal Property and Casualty Insurance Company.[1]

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property, which originated in Adjuster Defendant's failure to effectuate a prmpt, fair and equitable resolution of the claim.

---

[1] See Plaintiffs Exhibit A, a true and correct copy of Aida Trainer-Lance's estimate dated April 11, 2016.

3

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, DEFENDANTS misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

DEFENDANTS failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Their conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

A. **BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

B. **NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

1. **UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

### A. NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, TRAINER-LANCE, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and her agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

- refusing to affirm or deny coverage within a reasonable time;
- refusing to conduct a reasonable investigation;
- ignoring damage known to be covered by the Policy; and/or
- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to AIDA TRAINER-LANCE who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about April 11, 2016.[2] During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Trainer-Lance, ignored covered damages including but not limited to the roof, backdoor, kitchen, bedrooms, soffit and fascia.[3] Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about April 11, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.[4]

---

[2] Id.
[3] Id.
[4] Id.

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per

11

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

Electronically Filed
3/23/2017 4:50:43 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1347-17-I

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:   (210) 490-7402
Facsimile:   (210) 490-8372

BY:   /s/ Robert A. Pollom
Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Jake Rogiers
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

DATE 05/03/2017
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy 46

15



**UPC Insurance**
PO Box 1011
St. Petersburg, FL 33731
1-888-CLM-DEPT

| CLAIM NO.: 2016TX020858 | Reinspection ☐ | INSURED |
|---|---|---|
| **Policy No.:** UTH009986001 | | VICTOR ZAVALA POSADA |
| **Date of Loss:** 03/09/2016 6:31 PM | | 6702 VERANO ST |
| **Type of Loss:** Hail | | PHARR TX 78577 |
| **Deductible:** *multiple* | | Home phone: |
| **Year Built:** **Cat No.:** | | Business phone: |
| | | Mobile phone: 1 (956) 878-3968 |
| | | Bus. Fax: |
| **Adjuster:** Aida Trainer-Lance | | Contact: VICTOR ZAVALA POSADA 1 (956) 878- |
| **Phone:** | | Loss address: |
| **Email:** ATrainerLance@cl-na.com | | 6702 VERANO ST |
| | | PHARR TX 78577 |

"This adjuster, the author of this estimate, has no authority to: (1) approve or deny claims; or, (2) bind UPC as to coverage for your claim or the amount of your loss, if any. A copy of this estimate does not constitute a settlement of this claim or any representation on the part of UPC. The estimate is subject to the review, modification and approval of UPC, including, but not limited to, the application of policy limitations, exclusions and deductible provisions. Any additional repairs to, or replacement of, items not included in this estimate are also subject to UPC's prior approval. You are required to keep all records, cancelled checks, inspection reports, etc., as proof of repair/replacement in the event of any future loss and pursuant to your post-loss duties under your insurance policy. This estimate is not an authorization of repair. The hiring of a contractor is strictly the decision of the UPC policyholder."

| Description | Quantity | Unit Price | Per | Total Cost |
|---|---|---|---|---|
| **ESTIMATE:** Structure (Eagle Adjusting - Adjusters) <br> Completed | Claim #2016TX020858, VICTOR ZAVALA POSADA | | | |
| **ROOFPLAN: Roofplan** | | | | |
| Roof | | | | |
| Roof area: 2,378.18 SF  Squares: 23.8 SQ  Soffit: 425.75 SF <br> Gutters: 183.46 LF  Ridge: 39.41 LF <br> Valley: 37.16 LF  Hip rafter: 131.55 LF | | | | |
| 1 Minimum Charge, Roofing | 1 | $227.00 | LS | $227.00 |
| Costs include 4 hours of labor based on one trip to the job site. Includes one-way travel time of 30 minutes. Also includes a materials allowance of $50.00 which may include damaged shingles, felt, and nails/fasteners. Reflects reduced labor productivity due to additional safety precautions. This would include working with harnesses, roof jacks, toe boards and their installation, etc. | | | | |
| Replace Damaged Ridge Cap Shingles X 4 each. | | | | |
| **Roof - Subtotal** | | | | **$227.00** |
| **Roofplan - Subtotal** | | | | **$227.00** |
| **EXTERIOR PLAN: Exterior Plan** | | | | |
| FENCE | | | | |
| 2 Minimum Charge, Fencing | 1 | $159.60 | LS | $159.60 |
| Cost includes 3 hours of labor based on one trip to the job site. Includes one-way travel time of 30 minutes. Also includes a materials allowance of $10.00 which may include piece of wood or metal fencing, wire for chain link fence, and screws or nails. | | | | |
| Realign Wood Fencing. | | | | |
| **FENCE - Subtotal** | | | | **$159.60** |
| **Exterior Plan - Subtotal** | | | | **$159.60** |

| **ESTIMATE:** Structure (Eagle Adjusting - Adjusters) | Claim #2016TX020858, VICTOR ZAVALA POSADA | |
|---|---|---|
| **FLOORPLAN: Floorplan** | | **Quantity** |
| Walls | | 0.00 SF |
| Walls and Ceilings | | 0.00 SF |
| Floors | | 0.00 SF |
| Floor Perimeter | | 0.00 LF |
| Ceilings | | 0.00 SF |
| Ceiling Perimeter | | 0.00 LF |
| **ROOFPLAN: Roofplan** | | **Quantity** |
| Roof area | | 2,493.72 SF |
| Squares | | 24.9 SQ |
| Ridge | | 49.32 LF |
| Gutters | | 203.28 LF |
| Soffit | | 494.23 SF |
| **EXTERIOR PLAN: Exterior Plan** | | **Quantity** |
| Exterior | | 0.00 SF |
| Footprint | | 0.00 SF |
| Subtractions | | 0.00 SF |
| Building perimeter (ground) | | 0.00 LF |

| Recap by Area | Total Cost | Percentage |
|---|---|---|
| Roofplan | $227.00 | 58.72% |
| Exterior Plan | $159.60 | 41.28% |
| **Total, all areas** | **$386.60** | **100.00%** |

| Recap by Category | Total Cost | Percentage |
|---|---|---|
| FEN - Fencing - FEN - Labor / Minimum Charge | $159.60 | 41.28% |
| RFG - Roofing - RFG - Labor / Minimum Charge | $227.00 | 58.72% |
| **Total, all categories** | **$386.60** | **100.00%** |

| Recap by Coverage | Total Cost | Percentage |
|---|---|---|
| Outbuildings/APS | $159.60 | 41.28% |
| DEWLLING | $227.00 | 58.72% |
| **Total, all coverages** | **$386.60** | **100.00%** |

**ESTIMATE:** Structure (Eagle Adjusting - Adjusters)  Claim #2016TX020858, VICTOR ZAVALA POSADA
completed

| MATERIALS | Quantity | Purchase Qty | Total |
|---|---|---|---|
| Minimum Charge, Fencing | 1 LS | n/a | $10.80 |
| Minimum Charge, Roofing | 1 LS | n/a | $54.00 |
| | | | $64.80 |

| LABOR | Quantity | Rate | Total |
|---|---|---|---|
| 1 CARPENTER | ~3.00 hrs | $49.60 | $148.80 |
| 1 ROOFER | ~4.00 hrs | $43.25 | $173.00 |
| | ~7.00 hrs | | $321.80 |

| ESTIMATE: Structure (Eagle Adjusting - Adjusters)   C-1347-17-I   Claim #2016TX020858, VICTOR ZAVALA POSADA | |
|---|---:|
| Total Materials: | $64.80 |
| Total Labor: | $321.80 |
| Total Equipment: | $0.00 |
| Total Market Conditions: | $0.00 |
| **Subtotal:** | **$386.60** |
| Add 10.00% overhead: | $38.66 |
| Add 10.00% profit: | $38.66 |
| **Subtotal:** | **$463.92** |
| Sales Tax 8.250% (applies to materials and equipment): | $6.42 |
| **Estimate Subtotal:** | **$470.34** |
| Total Coverage DEWLLING: | $277.75 |
| Coverage DEWLLING Deductible: | $(2,600.00) |
| Net Coverage DEWLLING Total: | $(2,322.25) |
| **Amount Payable on Coverage DEWLLING:** | **$0.00** |
| Total Coverage Outbuildings/APS: | $192.59 |
| Coverage Outbuildings/APS Deductible: | $0.00 |
| Net Coverage Outbuildings/APS Total: | $192.59 |
| **Amount Payable on Coverage Outbuildings/APS:** | **$192.59** |
| **Estimate Total:** | **$192.59** |

Finalization